IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BERNICE POGUE,

    Plaintiff,

vs.

HACSA,

    Defendant.

Case No. 6:17-cv-01731-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Bernice Pogue moves to proceed in forma pauperis. Upon examination of plaintiff's affidavit, I find that plaintiff is unable to afford the costs of this action. Accordingly, plaintiff's application to proceed in forma pauperis (doc. 2) is GRANTED. This action may go forward without the payment of fees or costs.

Because plaintiff is proceeding in forma pauperis, I am required to dismiss this action if I determine that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In federal court, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff brings this lawsuit under the Fair Housing Act. She alleges that defendant the Housing and Community Services Agency of Lane County ("HACSA") has violated her civil rights, "disabilities rights," and contract rights. Compl. at 5. She states that, "when I try to stand up for my rights I get harassed." *Id.* She further alleges that defendant has "mishandled my case at nearly every step of the way" and that she has been "verbally harassed, threatened and lied to." *Id.* at 6. She refers to "numerous documented instances where lapses in procedural practice have occurred." *Id.*

Those statements are not specific enough to permit plaintiff's claim to proceed. To adequately state a claim, plaintiff must provide specific examples of verbal harassment and threats. She should state which policies HACSA violated and describe the violations. She should describe the content of the false statements or how she was harassed. Plaintiff does not need to use special legal terminology; she can simply describe, in plain language, what happened to her. The descriptions do not need to be very long or detailed, but they do need to contain enough specifics to put the defendant on notice of the claims against it and to enable the Court to conclude that a violation of the law may have taken place. It is unlikely that the amount of space available on the form complaint is sufficient; plaintiff likely will need to attach an additional page or more in order to describe what happened.

Plaintiff also must connect her factual allegations to her rights under the Fair Housing Act, which protects people from discrimination when they are renting, buying, or securing

financing for housing. The law prohibits discrimination in housing because of race, color, religion, gender, disability and the family status (for example, whether there are children in the home). *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2516 (2015). Plaintiff mentions disability; in the complaint, she must identify the disability or disabilities she has and state the reasons for her belief that she was discriminated against *because of* that disability. If she believes she was discriminated against on account of any other protected characteristic, she must identify that characteristic too and explain why she believes the way she was treated is connected to, for example, race, gender, or family status.

Although the complaint does not state a claim for relief, I cannot find that further amendment would be futile. Therefore, given plaintiff's *pro se* status, I will afford plaintiff the opportunity to amend her complaint.

**Plaintiff is HEREBY ORDERED to file an amended complaint within thirty days from the date of this order.** The amended complaint shall briefly and plainly state the facts supporting plaintiff's claim under the Fair Housing Act. Plaintiff is advised that failure to file an amended complaint as ordered **will result in the dismissal of this proceeding.**

IT IS SO ORDERED.

Dated this 5 day of December 2017.

_____
Ann Aiken
United States District Judge