IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BERNICE POGUE,

    Plaintiff,

vs.

HACSA and DHS CHILD PROTECTIVE SERVICES,

    Defendants.

Case No. 6:17-cv-01731-AA
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Bernice Pogue filed this action on October 30, 2017. She also filed an application for leave to proceed *in forma pauperis*. I found that plaintiff met the standard to proceed without paying costs, but I dismissed the complaint because it was too vague to support the inference that defendant Housing and Community Service Agency of Lane County ("HACSA") violated plaintiff's rights under federal law.

Plaintiff has now filed an amended complaint. She also filed a motion to appoint pro bono counsel and a motion requesting expedited consideration. The request for expedited

Page 1 – OPINION AND ORDER

consideration is granted; I am issuing this opinion within two weeks of receiving the amended complaint, and have carefully reviewed all filings plaintiff has submitted thus far.

Because plaintiff is proceeding *in forma pauperis*, I am required to dismiss this action if I determine that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In federal court, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff brings this lawsuit under the Fair Housing Act, which prohibits discrimination on the basis of disability in the provision of housing. In her initial complaint, she alleged that HACSA violated her civil rights, "disabilities rights," and contract rights. Compl. at 5. She stated that, "when I try to stand up for my rights I get harassed." *Id.* She further alleged that defendant has "mishandled my case at nearly every step of the way" and that she has been "verbally harassed, threatened and lied to." *Id.* at 6. She referred to "numerous documented instances where lapses in procedural practice have occurred." *Id.*

In the opinion dismissing the initial complaint, I explained that those statements were not specific enough to support the claim that HACSA violated the Fair Housing Act. I directed plaintiff to provide specific examples of how HACSA harassed her, threatened her, lied to her, or violated procedures. I also told plaintiff to identify her disability and to explain how HACSA's actions were connected to that disability. Through the amended complaint, plaintiff has now

identified her disability, which is that she suffers from Post-Traumatic Stress Disorder ("PTSD"). But she still has not explained how HACSA harassed her, threatened her, lied to her, violated its procedures, or otherwise discriminated against her because she suffers from PTSD.

The amended complaint consists of seventy pages of documents, including letters and other documents from HACSA, notes from plaintiff's physician; correspondence between plaintiff and her attorneys, judgments from state-court dependency matters, a newspaper article about plaintiff's landlord's alleged criminal activities, and letters and other documents from the state Department of Human Services ("DHS"). From these documents, I gather that HACSA has provided plaintiff an accommodation for her disability in the past by giving her extra time to complete obligations such as fill out paperwork. It is unclear whether plaintiff's claims relate to a denial of that same accommodation or to some other type of discrimination.

Having carefully reviewed the documents attached to plaintiff's second amended complaint, I understand that plaintiff's landlord was arrested in April 2017 on charges that he committed a serious violent crime against a tenant. HACSA terminated its relationship with that landlord for safety reasons and informed plaintiff she would need to relocate if she wished to continue receiving a Section 8 voucher. Plaintiff informed a HACSA employee, via email, that her landlord's arrest (and the fact she frequently saw him near her home, working on a neighboring unit) had triggered her PTSD. HACSA provided some support to plaintiff in looking for a new place to live, but for reasons unclear from the record, correspondence and meetings broke down.

It appears that plaintiff's Section 8 benefits were terminated in September 2017. At that point, she remained in the same residence, but her voucher was not terminated due to failure to relocate; it was terminated because she fell behind on her utility payments and her power was

shut off. The termination followed a hearing at which plaintiff admitted she was living without electricity, in violation of her lease. The Hearings Officer gave plaintiff two weeks to have the utilities turned back on. When plaintiff failed to meet that requirement, HACSA terminated her Section 8 voucher. A few weeks later, however, ShelterCare informed HACSA it had paid the deposit to have the power turned back on. As a result, HACSA reinstated the Section 8 voucher on the condition that plaintiff submit documentation of payment of her utility bill for the next three months.

It is not clear from the filings whether plaintiff currently has a valid Section 8 voucher. Based on the mailing address on file with the Court, however, she appears to reside in the same location.

Because plaintiff is *pro se*, and because I am not sure further amendment would be futile, I will afford her one more opportunity to amend the complaint. Plaintiff should state what HACSA employees did (or failed to do) with respect to (1) the incident with her landlord and the requirement that she relocate and (2) the termination of her voucher due to the electricity being shut off. If there are examples of HACSA employees harassing her, lying to her, threatening her, or violating its own procedures, she should provide those examples. She should focus on facts that support her allegation that HACSA discriminated against her *because of her PTSD*. There is no need to attach additional documents to the amended complaint; plaintiff can simply describe, in her own words, what happened.

Plaintiff has requested appointment of *pro bono* counsel. Because this is a civil case, I have no authority to order a lawyer to represent plaintiff. The Court does have a list of *pro bono* attorneys who sometimes volunteer to take cases. After plaintiff has submitted her second amended complaint, I will consider whether to refer plaintiff's request to that list. I therefore

stay consideration of plaintiff's request for appointment of *pro bono* counsel (doc. 4) until she files her second amended complaint.

When she filed her amended complaint, plaintiff added the Oregon Department of Human Service's ("DHS") Child Protective Services as a defendant. DHS, which is a state agency, is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). If plaintiff wishes to file a claim against DHS, she must do so in state court. DHS is dismissed with prejudice as a defendant.

**Plaintiff is HEREBY ORDERED to file a second amended complaint within sixty days from the date of this order.** The amended complaint must briefly and plainly state the facts supporting plaintiff's claim under the Fair Housing Act. It should not include any allegations related to plaintiff's claims against DHS. Plaintiff is advised that failure to file a second amended complaint as ordered **will result in the dismissal of this proceeding.**

Plaintiff's request for expedited consideration (doc. 5) is GRANTED. Plaintiff's request for appointment of *pro bono* counsel (doc. 4) is STAYED pending review of the second amended complaint. DHS Child Protective Services is DISMISSED with prejudice from this proceeding.

IT IS SO ORDERED.

Dated this 25th day of January 2018.

Ann Aiken
United States District Judge