IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BERNICE POGUE,<br><br>          Plaintiff,<br><br>vs.<br><br>HACSA,<br><br>          Defendant. | Case No. 6:17-cv-01731-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

Plaintiff Bernice Pogue filed this action on October 30, 2017. She also filed an application for leave to proceed *in forma pauperis*. I found that plaintiff met the standard to proceed without paying costs, but I dismissed the complaint because it was too vague to support the inference that defendant Housing and Community Service Agency of Lane County ("HACSA") violated plaintiff's rights under federal law. On January 3, 2018, plaintiff filed a first amended complaint. That complaint made clear that plaintiff was alleging that defendant discriminated against on the basis of her disability, which is Post-Traumatic Stress Disorder ("PTSD"). I dismissed the first amended complaint because plaintiff had not adequately explained how HACSA discriminated against her because of her PTSD.

Page 1 – OPINION AND ORDER

Plaintiff has now filed a second amended complaint. I have reviewed that complaint in detail and drawn all reasonable inferences from the complaint and other filings in plaintiff's favor. I conclude that this action must be dismissed with prejudice.

## STANDARDS

Because plaintiff is proceeding *in forma pauperis*, I am required to dismiss this action if I determine that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In federal court, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). That pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

In the order dismissing plaintiff's first amended complaint, I directed plaintiff to

> state what HACSA employees did (or failed to do) with respect to (1) the incident with her landlord and the requirement that she relocate and (2) the termination of her voucher due to the electricity being shut off. If there are examples of HACSA employees harassing her, lying to her, threatening her, or violating its own procedures, she should provide those examples. She should focus on facts that support her allegation that HACSA discriminated against her *because of her PTSD*. There is no need to attach additional documents to the amended complaint; plaintiff can simply describe, in her own words, what happened.

*Pogue v. HACSA*, 2018 WL 614961, *2 (D. Or. Jan. 25, 2018).

It is clear that plaintiff took those instructions to heart. Her second amended complaint clearly and plainly sets out facts in support of her claim, and even separates those facts into sections addressing the landlord/relocation and electrical shutoff issues. Nevertheless, I am

bound to dismiss plaintiff's complaint because those facts do not support the conclusion that HACSA discriminated her on the basis of her disability.

I.  *Reasonable Accommodations*

Plaintiff alleges that HACSA violated her rights under the Fair Housing Amendments Act ("FHAA"). The FHAA makes it unlawful to discriminate on the basis of disability "in the sale or rental, or to otherwise make unavailable or deny . . . a dwelling to any buyer or renter" because of disability. 42 U.S.C. § 3604(f)(1). The law requires providers of housing, including low-income housing agencies like HACSA, to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]" *Id.* § 3604(f)(3)(b). The main reason plaintiff has not stated a claim for a violation of federal law is that four of the five accommodations she suggests HACSA should have provided are not the sort of reasonable accommodations required by the FHAA. The fifth suggested accommodation, an exception to HACSA's requirement that a subsidized unit be used as a primary residence, might be required under the FHAA. But plaintiff cannot use that accommodation to support her disability discrimination claim because HACSA did not deny her access to housing for violating the primary residence rule.

A.  *Inability to Communicate with HACSA*

In her second amended complaint, plaintiff repeats several times that a prior PTSD-triggering episode involving HACSA (specifically, her landlord entering her home without permission) rendered her unable to respond to HACSA's attempts to communicate with her. She alleges that HACSA continues to send her notices regarding failure to pay rent as a way of harassing her "when they already know and have documentation of the fact that I cannot

communicate with them." Second Am. Compl. at 3. It does not appear that this inability to communicate comes and goes; plaintiff's position is that, because interactions with HACSA have triggered her PTSD in the past, she is permanently unable to "contact back." *Id.*

I do not doubt that plaintiff's PTSD creates communication barriers for her. However, provision of a Section 8 voucher to a client who is completely unresponsive is not a reasonable accommodation. HACSA is subject to federal regulations that require it to verify both that voucher recipients meet certain eligibility criteria, 24 C.F.R. § 982.201, and that housing units subsidized by voucher payments conform to quality standards, *id.* § 982.401. HACSA might well be required to make some exceptions or changes to its rules due to plaintiff's PTSD—for example, it might be required to extend deadlines for responding to requests for information or make more than the usual number of required contact attempts. The documents plaintiff submitted suggest HACSA has made those sorts of accommodations for plaintiff in the past. But the FHAA does not require a housing agency to continue to provide services if an individual's disability renders her completely unable to respond to any communications from the agency.

B. *HACSA's Termination of Relationship with Plaintiff's Landlord*

Plaintiff alleges that HACSA violated its own procedures and committed breach of contract when it decided to stop permitting Section 8 vouchers to be used to rent from plaintiff's landlord. Based on the documents plaintiff submitted, it appears that HACSA made that decision after the landlord was arrested on charges of committing a serious violent crime against a tenant. HACSA is permitted to terminate relationships with landlords for safety reasons and could expose itself to liability if it continued to allow voucher recipients to rent from such landlords. HACSA provides vouchers for recipients to use when renting from private parties. HACSA has no authority to evict a landlord from property he owns. Once again, HACSA is likely bound to

make some accommodations for plaintiff's PTSD—for example, by giving plaintiff a longer transition time to make the move. But it is not a reasonable accommodation for plaintiff to continue to use her Section 8 voucher indefinitely to rent from a person she herself deems an "unsafe landlord." Second Am. Compl. at 2. Moreover, it is not clear how permitting plaintiff to stay in her current home would be a reasonable accommodation for her PTSD when it appears that the landlord himself triggers PTSD symptoms.

C. *HACSA's Refusal to Help Plaintiff Find a New Place to Live*

Plaintiff suggests that HACSA had an obligation to help her find a new home after terminating its relationship with the unsafe landlord. It appears from the documents plaintiff submitted that HACSA employees provided some initial support to plaintiff. However, plaintiff alleges that HACSA informed her on multiple occasions that it does not assist clients in finding housing and its role is limited to providing vouchers to pay for housing. The FHAA does not require HACSA to expand or fundamentally change the nature of the services it provides. *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1157 (9th Cir. 2003) ("Ordinarily, an accommodation is reasonable under the FHAA when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens.") (internal quotation marks omitted). Requiring HACSA to provide assistance in locating and securing housing is not a reasonable accommodation because that would be a fundamental alteration in the nature of HACSA's services: providing funding for housing.

D. *Utilities Requirement*

Permitting tenants to live in their homes without working utilities is not a reasonable accommodation of plaintiff's disability. Electricity, water, and heat are essential to a safe living environment. 24 C.F.R. §§ 982.401(e)(1), (f)(1), (i). Nothing in the second amended complaint

Page 5 – OPINION AND ORDER

suggests that an exception to the utilities requirement is a reasonable accommodation of plaintiff's PTSD.

E. *Primary Residence Requirement*

In contrast to the electricity requirement, the requirement that a dwelling be used as a primary residence is the sort of rule to which a housing authority may be required to create an exception. Plaintiff alleges that, during a particularly severe bout of PTSD symptoms, she felt unsafe at home and temporarily stayed elsewhere; that connection is enough to show that inflexibly applying the primary residence requirement could violate the FHAA. But plaintiff cannot proceed on this claim because she did not lose her Section 8 voucher due to failure to use the home as her primary residence. It is clear from the documents she submitted with her first amended complaint that, although she initially received notice her Section 8 voucher might be terminated because she was not using her house as her primary residence, the termination was in the end based solely on the fact that her utilities were shut off. As explained my prior order dismissing the first amended complaint, the documents also make clear that plaintiff's participation in the voucher program was reinstated after she had the utilities turned on.

II. *Remaining Issues*

Plaintiff alleges that HACSA promised her it would not alert her landlord that it would no longer permit use of Section 8 vouchers at his property until after she moved out. She states that, despite that promise, the landlord showed up at her door and asked her to explain why HACSA was terminating its business with him. She felt "extremely betrayed by HACSA and was panicking because [she] feared for [her] family's safety." Second Am. Compl. at 2. It is understandable that plaintiff would be upset by this encounter, but the facts above are not sufficient to make out a claim for disability discrimination. It is not clear from the facts as

alleged how the landlord learned that HACSA would no longer permit its vouchers to be used at his property; he might have gotten that information, for example, from one of his other tenants. Even if HACSA informed the landlord about the change, that was not a violation of federal law.

Finally, plaintiff refers to DHS throughout her second amended complaint. As explained in the order dismissing the first amended complaint, DHS is immune from suit in federal court. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). I am therefore unable to consider any allegations against DHS.

## CONCLUSION

It have great sympathy for plaintiff's situation. But federal courts are courts of limited jurisdiction. In this case, I only have jurisdiction over her case if she has alleged HACSA violated federal law. For the reasons set forth above, plaintiff has failed to state a claim for disability discrimination. I must dismiss the second amended complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

I have already given plaintiff two opportunities to amend her complaint. Having carefully reviewed all the documents she submitted in support of her claim, I conclude that further amendment would be futile. I therefore dismiss this case with prejudice, which means that plaintiff cannot file a third amended complaint.

This action is DISMISSED WITH PREJUDICE. Plaintiff's request for appointment of *pro bono* counsel (doc. 4) is DENIED as moot.

IT IS SO ORDERED.

Dated this 2nd day of April 2018.

Ann Aiken
United States District Judge